Ruffin, C. X
 

 On the questions affecting the validity of the deed to the plaintiff) the directions to the jury conform substantially and almost literally to the opinion given by this Court on thorn, when the case was here before.
 
 Hafner
 
 v
 
 Irwin,
 
 1 Ired. 490. They are of course, now approved by us.
 

 Upon the other points stated in the case, our opinions also concur with those of his Honob.
 

 A creditor must establish his debt by judgment before he can raise the question of the validity of a conveyance made by his debtor. As a general -creditor by contract, he has no right to the property, nor lien for the immediate satisfaction of his debt. He must therefore proceed to judgment and execution, before he can bring into controversy, at law, the liability of the property to pay the sum recovered by him. Of necessity, the judgment is evidence of the recovery, and shews, that thereby the defendant became debtor to the plaintiff therein for the sum recovered. It is -true, that the judg-
 
 *533
 
 xnent is not conclusive on the party claiming under the for judgments may be fraudulent, as well as deeds. It is therefore open to the grantee in the deed to shew, that the recovery was by covin or collusion between the plaintiff and defendant therein, for a pretended and not a true debt. But, in the first instance, the judgment, by itself, is competent and sufficient, and indeed, indispensable proof of the debt recovered. Even if the objection were well founded, that the judgments rendered on warrants, which were not filled up when signed by the magistrate, are invalid, it would not help the plaintiff in this action. Five of the judgments were not subject to that objection; and they constituted a justification for the seizure and sale of the property, and bar this action of trover. But we think it clear that the objection is untenable. Although the warrants may have been filled up by the constable after the signature of the magistrate, and although that may have been improper, yet the judgments, regularly rendered thereon, cannot, if at all, he collaterally impeached, as being void, for such defect in the leading process. If the party could
 
 per directum,
 
 avail himself of this as an error, yet he could not, and much less can third persons question the sufficiency of the judgment incidentally. Not to insist, that this is a rule of reason and of the common law, it is sufficient, that the Legislature has expressly enacted it. By the Rev. St. c. 31, s. 108, it is provided, that every judgment by a magistrate, having jurisdiction of the subject, shall he in force until reversed according to law.
 

 Upon the admissibility of the witness, Leroy Springs, the opinion of his Hostor. is supported by the well known general rule, that a witness cannot, by creating by his own act a subsequent interest, without the concurrence of the party calling him, deprive the latter of his evidence. Much less can he do so by agreement with the opposite party. The case of
 
 Forrester
 
 v
 
 Pigon,
 
 1 M. & S. 9, woald seem
 
 to
 
 the contrary. But the case is not satisfactory
 
 -
 
 for it does not appear to have been finally decided, hut was sent back to a second trial, in order to ascertain the facts. At all events, it
 
 *534
 
 is not sufficient to overturn tbe established general rule laid down in all the best writers, and received constantly in the Courts of this State, and sanctioned by the approbation of this Court, in
 
 Rhem
 
 v Jackson, 2 Dev. 187. To sustain the objection, would open a wide way for tampering with witnesses, so as to deprive parties of evidence material to their interest, and to which they had a right.
 

 Per Cukiam,, Judgment affirmed.