Nash, J.
 

 The defendant claims the negroes in dispute by purchase from James Green. In order to make out his title, he offered James Green as a witness, having previously released him from all claim in consequence of the sale. The introduction of this witness was opposed upon the ground, that, although released, he was incompetent to prove a gift to himself. The objection was correctly overruled by the court. Upon his examination, Green proved that, prior to the year 1806, his father, William Green, from whom also the plaintiff claimed title, had given him a negro woman named Hannah, whom he had taken into his possession, and from her the ne-groes now in dispute had since descended, and that he had sold them to the defendant. A vendor, is, in general, an incompetent witness to support the title of his vendee, for the reason that he is directly interested in so doing. In every sale of a personal chattel, the law implies a warranty of title, unless it is agreed to the contrary by the parties in the contract, or there is an express warranty of some other kind. Upon a defect of title therefore, if his vendee for that cause loses the chattel, he is bound to make compensation in damages. His interest therefore is direct and positive, and he is
 
 *95
 
 incompetent as a witness for the defendant to support the title, but his incompetency lasts no longer than his interest endures, and a release removes his interest. The relation in which this witness stood to the case, and his importance to the plaintiff, rendered it necessary to the plaintiff to sustain and prop his testimony. With that view, the deposition of one Nathaniel Hunt was offered in evidence. Its introduction was opposed by the plaintiff, on the ground that the commission was not under the seal of the court from which it issued, and that it was to be executed in another State. The objection was overruled by the court, and.the deposition was read. In this opinion of his Honor, we think there was error. By the common law, the seal of the court is a necessary and essential part of every writ. In England, the original is a mandatory letter from the King in parchment, issuing out of chancery, and sealed with, the great seal, and directed to the sheriff of the county wherein the injury was committed or supposed to be. 3 Bl. C. 273. That the seal has ever been considered a necessary part of the writ in this State, is evident from the act of 1797. By that act it is provided, “ that in all cases where the clerk of a County or Superior Court issue process, to the county of which he is clerk, it shall not be
 
 necessary
 
 for him to affix the seal of his office thereto.” Rev. Stat. ch. 31, sec. 125. From the phraseology of this act, it is evident.the law was at that time considered settled, that the seal of the court was deemed
 
 necessary
 
 to any process issued by the clerk. The only effect the act had, or was intended to have was, to make the writ valid when to be executed within the county from the court of which it issued. The legislature might well suppose it unnecessary to require the writ to be authenticated by the seal in the latter instance, as the officers of the court would be known officially to the citizens of the county, when beyond its limits they would not, and their official acts could be recognized only when evidenced by the seal of the court whose officers they were. Every writ, therefore, issuing from a court of record, which is to be executed without or beyond the limits of the county in which it issued, in order
 
 *96
 
 to its validity, must be evidenced by the seal of the court.
 
 Goodman
 
 v.
 
 Armistead,
 
 4 Hawks, 19.
 
 Seawell
 
 v.
 
 Bank of Cape
 
 Fear, 3 Dev. 279, and
 
 Findlay
 
 v.
 
 Smith,
 
 4 Dev. 95. otherwise, it confers no power to act, upon any one. A
 
 Ded-imus potestatem,
 
 is within the words of the act of ’97, and within the equity of it. See
 
 Duncan
 
 v.
 
 Hill,
 
 2 Dev. &. Bat. 293. The witness, Hunt, if he had sworn falsely, could not have been convicted of perjury, because the deposition was not to be taken within the county of Franklin, and not being under seal it conferred no authority on any one to act under it. The judge therefore erred in suffering the deposition to be read in evidence. It might have been very material to the support of the defendant’s case, if it had gone to the jury in propping and sustaining the evidence of James Green, his material witness. For though there were other witnesses, who testified to similar declarations of William Green, they may not have been as well known to the jury as Mr. Hunt, or being known, not entitled to equal weight with him. We cannot tell. There was error in the opinion, and there
 
 must be
 
 a new trial. The plaintiff claimed the negroes in dispute by virtue of a conveyance from William Green to him, subsequent to the alleged gift to James Green. The deed to him was a mortgage of the negroes for value expressed in the face thereof. The judge was requested to charge the jury, that the plaintiff was a purchaser, and therefore entitled to hold the negroes against a prior gift. The judge refused so to charge, but told the jury, that a mortgage in point of law, so far as this case was concerned, was not a purchase. We do not concur with his Honor in this opinion.
 
 A
 
 mortgage is a purchase under the statute of the 27th
 
 Elizabeth. Chapman
 
 v.
 
 Emery,
 
 Cowper, 279, and in
 
 Roe
 
 v.
 
 Hutton,
 
 2 Wilson, 356. The court declare that under that statute, those are considered purchasers, who take under instruments made for a valuable consideration. Whether the plaintiff was in this case a purchaser for valuable consideration or not, is not now under our consideration.
 

 
 *97
 
 We concur with his Honor, that the facts disclosed in the case constituted a gift to James Green, if true.
 

 For the error in the admission of the deposition of Nathaniel Hunt, there must be a new trial.
 

 Per Curiam, The judgment of the Superior Court is reversed, and a
 
 venire de novo
 
 ordered„