Nash, C. J.
 

 Had his Honor refused to amend the record, because the evidence offered did not satisfy him that he ought to do so, no appeal to this Court could have been sustained ; for the reason that it was the exercise of a pure discretion, founded on the evidence into which we should have no right to look.
 
 Dickinson
 
 v.
 
 Lippiit,
 
 5 Ire. 560,
 
 Quiett
 
 v Boon, 5 Ire. 9. But his Honor does not put his opinion upon the deficiency of testimony, for none was examined before him ; but upon the want of power.If the power did exist, then there was error in law upon which this Court must act.. That the Superior Court had this power, is
 
 *289
 
 made apparent by the terms of the 5th section of the Act of 1836, chapter 3. After enumerating a variety of causes in which, after-verdict, the judgment shall not be stayed or reversed, it proceeds, or
 
 “
 
 for any informality in entering a judgment or making up the record thereof, or for any other default or negligence of any clerk,” &c. The 6th section provides, that these omissions, imperfections, defects and variances,
 
 “
 
 shall be supplied and amended by the Court where the judgment shall be given, or' by the Court into which-it shall be removed by appeal or writ of error.” That the power resides in every Court to amend the entries on its records, so as to make them speak the truth, has been repeatedly declared by this Court.
 
 State
 
 v.
 
 King,
 
 5 Ire. 203
 
 ; Jones
 
 v.
 
 Lends,
 
 8 Ire. 70.
 

 The will of Christiana Freeman had been propounded in the Court of Pleas and Quarter Sessions of Bertie county, and upon the judgment rendered upon the verdict, the .case was taken by appeal to the Superior Court, where it was tried
 
 de novo,
 
 and a verdict returned by the jury establishing the will. The clerk, in recording the verdict, neglected to spread the will upon his minutes. The object of the present application is to supply this defect of the record, by having the will spread out in the terms of it. This the presiding Judge refused to do, because, in his opinion, he had not the power, and refused to hear the evidence by which it was proposed to make the amendment. In this he was mistaken. Whether the evidence proposed could or ought to induce the Court to grant the motion, is a question with which we have nothing to do.
 
 Purcell
 
 v.
 
 McFarland’s heirs,
 
 1 Ire.
 
 34; Dickinson
 
 v.
 
 Lippitt,
 
 5 Ire. 560.
 

 The judgment must be reversed, and this opinion must be certified to the Superior Court of Bertie, with directions to proceed upon the motion according to its sound discretion.
 

 Per Curiam. Judgment reversed.