Battle, J.
 

 Neither of the objections urged against the
 
 *69
 
 right of the plaintiffs to recover the slave in question is of sufficient force to prevent it.
 

 1. The deed was undoubtedly delivered, if not before, as soon as the draftsman informed the bargainee of it, and he had consented to act under it as trustee for the feme covert.
 
 McLean
 
 v. Nelson, 1 Jones’ Rep. 396.
 

 2. The second objection has been properly abandoned here. The deed in question was not intended as a security for money, and is not, therefore, one of those deeds in trust which must be proved and registered within six months, or be void as to creditors and purchasers.
 

 3. The recent case of
 
 Long
 
 v.
 
 Wright,
 
 3 Jones’ Rep. 290, shows that the defendant, as the subsequent purchaser of a personal chattel, could not set aside the prior conveyance to the plaintiffs’ intestate. The case of
 
 Williford
 
 v.
 
 Conner,
 
 1 Dev. Rep. 379, is equally in point to show that, as a creditor, the defendant could take advantage of the deed to the intestate’s being voluntary and fraudulent, only by reducing his debt to a judgment and seizing the property under an execution.
 

 4. The action was properly brought in the name of John A. Green, the plaintiffs’ intestate, though he were a lunatic at the time.
 
 Brooks
 
 v.
 
 Brooks,
 
 3 Ire. Rep. 389. We are aware that it is said in Stock on Non Compotes, 211, (15 Law Lib. 117,) that in England the committee of a lunatic’s estate “ can neither bring nor defend actions or suits on behalf of the
 
 non compos mentis,
 
 without previously obtaining the permission of the Court to do so.” See
 
 Largent
 
 v.
 
 Berry,
 
 3 Jones’ Rep. 531. IIow the objection is to be made, or whether it can be made at all by the other party on the trial, it is unnecessary for us to enquire. Here the plaintiff died, and his administrators are made parties, and they can undoubtedly recover any property to which their intestate was legally entitled, and which is unlawfully detained from them.
 

 There is no error, and the judgment must be affirmed.
 

 Pee Cdeiam. Judgment affirmed.