PeaRSON, J.
 

 The deed of trust executed by Dixon to Ilooker, is fraudulent and void as against creditors. To say nothing of the forged letter of recommendation, and the other circumstances which throw suspicion upon the whole transaction, the deed of trust allows the debtor to retain possession of the goods for more than a year, and there is no evidence tending to explain this badge of fraud, or to rebut the presumption that the debtor was allowed to retain possession for his own use, and, in the mean time, the deed was intended as a cover to protect the property and keep it out of the reach of creditors. Indeed, ¡the insolvency of the debtor, the nature of the goods, being ordinary merchandise, readily put out of the way, the feigned debt of $860 to the trustee, and all the circumstances, make out a case of bare-faced fraud.
 
 Hardy
 
 v.
 
 Skinner,
 
 9 Ire. Rep. 191;
 
 Hardy
 
 v.
 
 Simpson,
 
 13 Ire. Rep. 132;
 
 Jessup
 
 v.
 
 Johnson,
 
 3 Jones’ Rep. 335.
 

 The plaintiffs cannot take the benefit of the deed of trust subsequently executed by Dixon to secure them, without allowing the true debts, set out in the deed to Ilooker, to be first paid; for that deed, although void as to creditors, is good between the parties, and Dixon had nothing at the time he executed thelast deed excepting his resulting trust. It is true,
 
 *8
 
 the plaintiffs are creditors, and this deed was made to secure them, but under it they derive title from Dixon, and of course get nothing, for he had nothing except the resulting trust. A creditor, in order to reach property which has been conveyed by a fraudulent deed, void as to him, must
 
 “
 
 take hold ” of the property by getting j udgment and having it seized under execution. Until that is done, the debt is merely personal and gives no lien or title to the property. This is settled by all the cases. See
 
 Green
 
 v. Kornegay, 4 Jones’ Rep. 66, decided at this term. A deed from the debtor will not answer the creditor’s purpose. lie must reach the property by a title paramount to that of the fraudulent donee.
 

 But the case discloses other facts which give the plaintiffs an equity to hold the defendant Hooker to account for all the property which he took into his possession and sold, and the debts which he collected, or might have collected, and in this view of the case, the fraudulent deed, and the debts therein set forth, will be put out of'the account, and such debts only will be considered as were reduced to judgments, and upon which execution issued. The plaintiffs took judgments and issued executions, which would have been levied on the property so as to give them “ a hold on it,” but for the fact that Hooker sold all the property, which he was enabled to do by reason of the fraudulent deed,
 
 before executions could be issued.
 
 This was a wrongful act of Hooker, and a Court of Equity, acting upon the maxim that no man shall take advantage of his own wrong, will consider the plaintiffs’ right to be the same as if they had caused the executions to be levied. To subserve the ends of justice, Equity will consider that done which ought to have been done. This is a familiar maxim ; and, on the same principle, unless the rights of innocent persons be affected, Equity will consider that as not done which ought not to have been done. In other words, it will deal with the parties as if the wrongful act had not been done.
 

 There will be a reference for an account.
 

 Risk Cukiam. Decree accordingly.