STATE oh relation of W. H. HOWERTON *et al*, *v.* S. McD. TATE, *et al*.

STATE on the relation of W. H. HOWERTON *et al.*, *vs.* S. McD. TATE *et al.*

Since the passage of the Act of 1870–'71, chap. 42, the Clerk of the Supreme Court of one county, cannot issue a summons returnable in the Superior Court of another.

This was an action in which the summons was issued by the Clerk of the Superior Court of Rowan county, and made returnable to the Superior Court of Buncombe county.

At Fall Term 1871 of Buncombe Superior Court, His Honor Judge Henry, presiding, it being the summons term, the relators filed their complaint, whereupon the defendants moved to dismiss the action for want of jurisdiction. This motion was sustained by His Honor, and the relators appealed.

*Fowle, Blackmer & McCorkle* and *W. H. Bailey* for the appellants.

*Phillips & Merrimon*, and *David Coleman* for the appellees.

RODMAN, J. The only question in this case is whether the Clerk of Rowan Superior Court could issue a summons to be served in Buncombe Superior Court. The summons was dated 14th November 1871.

The Judge below, thought the Clerk had no such right, and dismissed the action. We concur with His Honor.

The practice is regulated by the Act of 1870–'71, ch. 42, which was ratified on the 25th of January 1871, and says, "that the summons shall be signed by the Clerk of the Superior Court having jurisdiction to try the action."

PER CURIAM.                                 Judgment affirmed.