FANNIE WILLIAMS and another *v.* J. A. SHARPE.

The Court below has no power to allow an amendment to an execution, so as to divest the title acquired by a subsequent innocent purchaser, without notice.

(*Phillipse* v. *Higdon*, Busb. 280; *Davidson* v. *Cowan*, 1.Dev. 364; *Purcell* v. *McFarland*, 1 Ired. 34; and *Bank of Cape Fear* v. *Williamson*, cited and approved.)

MOTION, to amend an execution, heard before *Cannon, J.,* at the Fall Term, 1873, of DAVIE Superior Court.

All the facts pertinent to the point decided are stated in the opinion of the Court.

His Honor being of opinion that he had no power to make the amendment moved for, refused the motion, whereupon the plaintiffs appealed.

*J. M. McCorkle,* for appellants.
*Fowle, Bailey* and *Armfield,* contra.

BYNUM, J.    This was a motion made in the Court below, on notice to the defendant, that the sheriff be allowed to amend his return on two executions in favor of the plaintiff and against one W. B. March. The executions were returnable to Spring Term, 1869, when and where the sheriff made the following return, viz : " The property sold, terms not complied with." Another execution against the same defendant was

issued in favor of one McKee, returnable to Fall Term, 1869, under which the defendant became the purchaser, and took the sheriff's deed, before this motion was made or notice given. At the time of this motion, a suit was pending for the recovery of the land between Sharpe, as plaintiff, and the plaintiffs herein, as defendants.

The Judge below denied the motion, on the ground of want of power to make the amendment. Extensive powers of amendment are conferred upon the Courts by C. C. P., 132, 3, and a liberal exercise of the power is encouraged in order to reach the merits of controversies and promote the ends of justice. But that power would lose all its value, if it were to be used to the prejudice of third parties who have acquired rights without any notice, and in ignorance, perhaps in consequence, of the very defect or omission proposed to be corrected by the amendment.

Take this case. The defendant searching the records and finding from the sheriff's returns that the property had not been sold, purchases at a subsequent sale by the sheriff, and receives a deed of conveyance, and thus acquires the legal title. Besides the legal title, the equity of the defendant is equal to or greater than the plaintiffs, who, if they have any rights, have slept upon them for four years.

The purpose of the plaintiff is to so amend the record, as in effect, to divest the title of the defendant, and enable the plaintiffs to defeat an innocent purchaser for value and without notice! If the bidder at the first sale complied with the terms and became the purchaser, then the sheriff has simply made a false return, and subjected himself to an action, in which this alleged purchaser can obtain redress. How this is, does not appear, nor does it appear why the sheriff is not a party to this motion, or to a rule upon him to show cause why he should not make title to this first purchaser.

In *Philipse* v. *Higdon*, Busb., 380, the Court held, "that where the amendment is for the purpose of making the process different, in substance, from what it was when it issued, the

Court has no power to allow the amendment, if the rights of third persons will be thereby affected."

The case of *Davidson* v. *Cowan*, Dev., 304, is fully in point. The plaintiff brought a suit against the defendant to recover certain slaves which he purchased at execution sale, and pending the suit he obtained a rule upon the defendant to show cause why the sheriff should not amend his return to a writ of *fi. fa.* against one David Cowan, which issued the 21st of June, 1810, returnable to the ensuing Term. The facts were, that the writ came to the sheriff's hands the 4th of October, 1810, who levied it upon the negroes and returned the *fi. fa.* without endorsing the levy. Before the next term of the Court, the defendant in the execution died. An *alias fi. fa.* was issued, whose test overlapped his death, and the negroes were sold under it to the plaintiff, who brought his action against a subsequent claimant. To validate the sale it was necessary to amend the return, so as to show that the levy was made prior to the death of the defendant in the execution, and to use the evidence in the pending suit. The amendment was made and the defendant appealed. In reversing the order, Hall, J., said: "It was error, because an alteration was made at the instance of one who was not a party to the record, and because it might injure the rights of third persons who held under the record as it originally stood. For the negroes were not levied upon, as appeared from the sheriff's return, under the first execution, but were sold under that which issued after the death of the defendant in the execution; therefore, the amendment would validate the sale, and of course affect the title of the subsequent claimant." *Purcell* v. *McFarland*, 1 Ired., 34; *Bank of Cape Fear* v. *Williamson*, 2 Ired., 147.

There is no error.

Per Curiam.　　　　　　　　　　　　Judgment affirmed.