JAMES J. MOORE *v.* LEWIS C. RAGLAND and others.

A debtor may lawfully mortgage his property to secure future and contingent debts, and that he does so, is not *of itself* proof of a fraudulent intent. The mortgagee in such case, is deemed a purchaser for value, and his rights are not affected by a prior *unregistered* mortgage.

That a man owes debts, does not disable him from making a mortgage to secure a present loan, or to secure some of his debts to the exclusion of others. The mortgage is not void as to the creditors excluded. A creditor can only assert his rights as such, by obtaining a judgment, which will be a lien on the property which the debtor then has, and also on all which he has, before that time, fraudulently conveyed.

(*Dewey* v. *Littlejohn*, 2 Ired. Eq. 495; *Williford* v. *Conner*, 1 Dev. 379, *Green* v. *Kornegay*, 4 Jones 66; *Hafner* v. *Irwin*, 4 Ired. 529; *Grimsly* v. *Hooker*, 3 Jones Eq. 4; *Freeman* v. *Lewis*, 5 Ired. 81; *Potts* v. *Blackwell*, 4 Jones Eq. 58; *Leggett* v. *Bullock*, Busb. 283, cited and approved.)

CIVIL ACTION, to vacate and declare void a certain mortgage, and for other relief, tried at the Spring Term, 1875, of GRANVILLE Superior Court, before his Honor, Judge *Watts*

The facts, as disclosed by the complaint and answer, are substantially the following :

The defendant, Ragland, for the purpose of paying for a house and lot he had purchased from one Cheatham, on the 9th of August, 1873, borrowed of the plaintiff three hundred and fifty dollars. He bought and paid for the house and lot, and, to secure the plaintiff, mortgaged the same to him the same day he obtained a deed therefor. This mortgage was at once acknowledged before the Probate Judge, and ordered to be registered ; the same, on the day it was acknowledged, was deposited in the Register's office, but was not registered until the 15th day of April, 1874.

Ragland being indebted to the other defendants, J. B. Crews and Alexander Crews, on the 6th of December, 1873,

conveyed said house and lot to J. B. Crews in trust, to pay the debts due to him and to Alexander Crews and to A. Crews & Bro., (the same persons composing said firm,) and also to secure such "further accounts as may hereafter be agreed upon from this date up to the 25th of December, 1874." This deed was proved and registered the day it was executed.

The plaintiff demanded that the deed to Crews should be declared null and void; that Crews should deliver it up to be cancelled; that he should have judgment against Ragland; and that the said house and lot should be sold to satisfy his debt.

On the trial in the court below, it was submitted to his Honor, trial by jury being, by both parties, waived:

1. Did the plaintiff, on the 9th of August, 1873, loan to the defendant, Ragland, three hundred and fifty dollars, to enable him to buy the house and lot described in the pleadings?

2. Did said Ragland execute the mortgage to secure the plaintiff, as charged in the complaint?

3. Has Ragland paid plaintiff's debt, or any part thereof?

The allegations of the complaint in regard to the foregoing questions being admitted by the defendant, the following single issue of law was referred to the court for decision:

Is the mortgage from Ragland to Crews, upon its face, fraudulent and void as to the plaintiff, who was, at the time of its execution, and still is, a creditor of the said Ragland?

His Honor gave, substantially, the following judgment: *First.* That the mortgage from Ragland to Crews is fraudulent and void, so far as the plaintiff in this action is concerned. *Second.* That the said James R. Crews bring the same into court to be cancelled. *Third* . That the plaintiff recover of defendant, Ragland, the sum of two hundred and seventy-seven dollars and eighty cents, with interest, &c. *Fourth.* That the house and lot described in the pleadings, be sold at public sale, after due notice, and that so much of the proceeds

as may be necessary to satisfy the plaintiff's judgment, shall be paid to him and the excess delivered to said Ragland.

From this judgment the defendants appealed.

*Hays & Peace, Busbee & Busbee,* for appellants.
*Batchelor & Son, Edwards, Haywood,* contra.

RODMAN, J. On the 9th August, 1873, one Cheatham owned a certain lot in Oxford. The defendant Ragland wished to buy the same, and borrowed of plaintiff $350, with which he did buy it. The defendant on the same day mortgaged the lot to plaintiff to secure the said debt. The mortgage was immediately acknowledged and left with the Register with directions however, not to register the same until he should be thereafter required by the plaintiff to do so, and the mortgage was not in fact registered until 15th April, 1874. The complaint alleges that the delay to register the mortgage was caused by the neglect of the Register, and we have no where found on the record any statement to the contrary. But the counsel in this court said that the delay was for the reason stated. While the deed to plaintiff was thus lying in the Register's office, viz: on 6th December, 1873, Ragland conveyed the lot to James B. Crews " on trust," viz: " that whereas said Ragland is now indebted to said Crews in an open account, and to Alexander Crews in an open account, and also to A. Crews & Bro., merchants, in an open account amounting in the aggregate to $175, and more, &c., and whereas it is agreed that said Ragland may make other and further accounts as may hereafter be agreed upon from this date up to 25th December, 1874, and the said Ragland being honestly desirous of paying the same. Now therefore, if said Ragland shall on 25th December, 1874, faithful payment make of all his indebtedness which now exists, and all which may arise out of contracts from this date up to said 25th December with said James B. Crews, Alexander Crews and A. Crews & Bro.

this deed shall be void;" but on failure, the grantee may sell, &c. This mortgage was proved and registered on the day of its date.

His Honor, the Judge below, held that the mortgage to Crews was fraudulent on its face, and void, and ordered it to be cancelled, and adjudged the possession of the land to the plaintiff.

We are told that the reason for which the Judge declared the mortgage to Crews fraudulent was, that it undertook to secure not only debts which Ragland then owed, but also such as he might contract up to 25th December, 1874. We do not concur with his Honor on that point. It is clear that a man may lawfully mortgage his property to secure future and contingent debts, and that he does so is not *of itself* proof of a fraudulent intent. *Dewey* v. *Littlejohn*, 2 Ired. Eq., 495.

In this court, the argument goes on a different ground, chap. 35, sec. 12, of Battle's Revisal. Revised Code, chap. 37, sec. 23, enacts that no mortgage for real estate shall be valid to pass any property against creditors or purchasers for a valuable consideration from the mortgagor, but from the registration of such deed, &c. It is agreed that the deed to the plaintiff was valid between the parties before and without registration; but it is contended that until registration, it was void as to Crews.

1' Because he was a creditor; and

2. Because he was a subsequent purchaser for value, within the meaning of the statute.

The first ground may be shortly disposed of. That a man owes debts does not disable him from making a mortgage to secure a present loan, or to secure some of his debts to the exclusion of others. The mortgage is not void as to the creditors excluded. A creditor can only assert his rights as such, by obtaining a judgment which will be a lien on the property which the debtor then has, and also on all which he has before that time fraudulently conveyed. The principle is

MOORE *v.* RAGLAND and others.

well expressed in Bump. on Fraud. Conveyances, 453, which we quote, omitting a few superfluous words: "The expression that a fraudulent transfer is void against creditors, simply means that their rights as such are not affected by such transfer, but that they may, notwithstanding, avail themselves of all the remedies for collecting their debts which the law has· provided, and in pursuing those remedies, may treat the property as if the transfer had not been made, that is, as the property of the debtor." *Williford* v. *Conner,* 1 Dev., 379; *Green* v. *Kornegay,* 4 Jones, 66; *Hafner* v. *Irwin,* 4 Ired.,. 539; *Grimsly* v. *Hooker,* 3 Jones Eq., 4.

The other question is one which has been much contested. It is admitted that a mortgagee by mortgage to secure a present loan is a purchaser for value, under 27 Elizabeth. *Freemon* v. *Lewis,* 5 Ired., 91. And it must be held to be settled in this State, by the case of *Potts* v. *Blackw d* 4 Jones Eq., 58, that there is no difference between such a mortgagee and, one who takes a mortgage to secure a pre-existing debt.

BATTLE, J., delivering the opinion of the court in that case, says: "Whatever distinctions there may have formerly been. supposed to exist between conveyances either in trust or by way of mortgage to secure these different classes of debt, it· must, we think, be regarded as now exploded." In another part of the opinion he says, "But we have seen that whether the debts secured were new or old, is now considered, at least in this State, as immaterial." And the case was decided on. that principle.

The same rule must apply to our act respecting mortgages above cited. Crews must be deemed a purchaser for value,. and the unregistered mortgage of the plaintiff was void as to. him.

This conclusion is strengthened by what is said in *Teggett* v. *Bullock,* Busb. 283, to-wit: That sec. 7, of the act of 1715,. (the original of our own act above cited,) declared that prior· mortgages not registered within fifty days, should be post–

poned to subsequent mortgages first registered. Finding this provision insufficient to compel the immediate registration of mortgages the present act was passed, by which they were made void as to creditors and purchasers, except from the time of registration.

PER CURIAM. Judgment reversed, and judgment for defendant Crews in this court.