ELIAS L. TAYLOR v. ELIJAH D. TAYLOR.

*Execution—Seal—When Requisite.*

Where execution issues to a county other than that in which the judgment was rendered, it must bear the seal of the superior court, without which it and all proceedings under it are nullities.

(*Findley* v. *Smith*, 4 Dev., 95; *Shepherd* v. *Lane*, 2 Dev., 148; *Seawell* v. *Bank*, 3 Dev., 279; *Governor* v. *McRae*, 3 Hawks, 236; *Freeman* v. *Lewis*, 5 Ired., 91, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1880, of POLK Superior Court, before *McKoy, J.*

The plaintiff claimed title to the land under a deed made by the sheriff of Polk county, by virtue of a sale had by him under an execution issued from the superior court of Rutherford county, on a judgment rendered in that court in the year 1869, in an action commenced in 1867, in behalf of the present plaintiff against E. D. Taylor, a resident of Polk county, and others, at which sale the plaintiff became the purchaser.

The plaintiff in support of his title produced in evidence a transcript of the superior court of Rutherford county, which showed that the execution, which issued from the superior court of Rutherford to the sheriff of Polk under which he sold the land in controversy, was without a seal attached. For that and for other causes of exception, His Honor intimated the opinion that the plaintiff could not recover, and in deference thereto the plaintiff submitted to a nonsuit and appealed.

*Mr. D. G. Fowle*, for plaintiff.
*Mr. W. J. Montgomery*, for defendant.

ASHE, J. In making up the case for this court, the transcript of the superior court of Rutherford was assumed by the counsel of both parties to contain a correct statement of the facts it purported to set forth, and we must presume that they are truly stated.

There were a good many points raised by the counsel for the defence, but it is only necessary for the purpose of this appeal that we should notice one of them. The fact that the execution which was issued from the superior court of Rutherford to the sheriff of Polk county was without a seal of the court, is fatal to the plaintiff's action.

By the common law, every writ issued by a court of rec-

ord must be authenticated by a seal of the court affixed to the writ. And in this state, the legislature by the act of 1797, has dispensed with this essential form of authentication only in cases where the writ is confined within the county from the court of which it issues. When the writ is issued to a different county, it is void without the seal and confers no power upon the sheriff of such county to act. As was said in the case of *Findley* v. *Smith,* 4 Dev., 95, the seal of a court is as indispensable to its writ as the seal of a party is indispensable to his bond. See *Shepherd* v. *Lane,* 2 Dev., 148 ; *Seawell* v. *Bank,* 3 Dev., 279 ; *Governor* v. *McRae,* 3 Hawks, 226 ; *Freeman* v. *Lewis,* 5 Ired., 91. In this case the execution which was issued from the superior court of Rutherford to the sheriff of Polk county, having had no seal of the superior court of Rutherford affixed to it, was a nullity and conferred no power upon the sheriff to sell the land in question and the purchaser acquired no title by the sale.

There is no error, and the judgment of the court below is affirmed.

No error.                    ·                    Affirmed.