PETER S. WILLIAMS v. R. T. WEAVER *et al.*

*Amendment—Process.*

The Supreme Court has power to allow an officer, to whom its process
has been delivered for execution, to amend his return thereof by
the correction of errors caused by inadvertance or honest mistake.

MOTION for leave to amend return upon execution, heard
after due notice and upon affidavits at September Term,
1888, of the Supreme Court.

In this case an execution was issued from this Court, di-
rected and delivered to the Sheriff of the County of Hertford,
made returnable to the October Term of 1886 thereof. The
Sheriff failed to note thereon the date of its delivery to him
as required by the statute. (*The Code*, § 100.) In his return
of the same, by inadvertance he set forth that he did not

collect the sum of $8.40, which sum, as stated in the return, "was deducted and allowed by Attorney General," whereas he should have said, "was deducted and allowed by the Clerk of the Supreme Court."

The present application is made by the Sheriff to be allowed to amend his return, so as to specify on the execution the time when it went into his hands; and also that he failed to collect the sum of $8.40, as therein required, because it "was deducted and allowed by the Clerk of the Supreme Court."

Mr. *B. B. Winborne*, for the Sheriff.
No counsel, *contra*.

MERRIMON, J., (after stating the case.) The power of this Court to allow the Sheriff or other officer to amend and correct his return of its process as to errors occasioned by mere inadvertence or honest mistake, so as to make it speak the truth as to what was done, or omitted to be done, by the officer in its execution, is essential and inherent, but it should be exercised with care and much caution. The Court should be fully satisfied that the application to amend is made in good faith, and that the proposed amendment is warranted by the facts. It is ever the purpose of the law, in the course of its application, to ascertain and establish the truth in its judgments and proceedings, and to this end its Courts, in their nature, have ample power, which they will exercise as far as they can consistently with rules of just procedure and the rights of parties. Such power has oftentimes been exercised here, and the frequent exercise of the like power by the Superior Courts has been scrutinized and affirmed by many decisions of this Court. *Smith* v. *Daniel*, 3 Murph., 128; *Davidson* v. *Cowan*, 1 Dev., 304; *Purcell* v. *McFarland*, 1 Ired., 34; *Dickinson* v. *Lippitt*, 5 Ired., 560; *Williams* v. *Sharpe*, 70 N. C., 582; *Peebles* v. *Newsom*, 74 N. C., 473; *Walters* v. *Moore*, 90 N. C., 41.

The evidence fully satisfies us that the Sheriff omitted to mark the entry on the execution, and made the mistake in his return, which he asks leave to correct, by excusable inadvertance.    The entry and correction cannot prejudice the substantial rights of any party.

Leave, therefore, is granted to make the amendments.