## JOHN W. HINSDALE v. JOSEPH B. UNDERWOOD.

*Practice — Supplementary Proceedings — Exceptions to Findings—Appeal—Appearance.*

1. The findings of fact by a trial Court in supplemental proceedings are final and cannot be reviewed on appeal, unless upon an exception that there was no evidence to support them or one or more of them.

2. A general appearance by the defendant before the Clerk in supplementary proceedings waives all defects in the service of the notice to appear.

PROCEEDINGS supplemental to execution, heard, on appeal from the Clerk of the Superior Court, before *Bryan, J.,* who affirmed the ruling of the Clerk and defendant appealed.

*Messrs. S. H. MacRae* and *MacRae & Day,* for plaintiff.
*Messrs. N. A. Sinclair* and *N. W. Ray,* for defendant (appellant).

MONTGOMERY, J.: The alleged insufficiency of the affidavit, as argued here by defendant's counsel, is that its material facts were not based on the knowledge of the plaintiff,

38

or on information and belief—the plaintiff using the words "so far as affiant is informed and believes" instead of an unqualified statement of necessary matters on information and belief. His Honor found as a fact that the words "so far" were not in the original affidavit, and by inadvertence were inserted in the copy. The defendant excepted to this finding but did not put the exception on the ground that there was no evidence to support it. Neither did he ask His Honor to find the facts, if any were before him, in order to have the law, which was applied to them, reviewed in this Court. It appears from the record in the case that the words "so far" were in the original affidavit, but had at some time been erased, and that they were also in the copy served on the defendant. The testimony on which they were erased in the original was not set out by the Judge. The exception must be overruled. "This is an action at law and hence we have no authority to review the findings of fact by the Court below. Such findings are final and must be accepted here as warranted by competent evidence unless it should be objected in a proper way that there was no evidence to support the findings, or one or more of them. We can only review questions and matters of law in such cases arising upon the facts as found. *Travers* v. *Deaton*, 107 N. C., 500.

As to the exception to the insufficiency of the service of the notice, it is only necessary to say that the appearance before the Clerk by the defendant was a general one, and all defects in the service of the notice was waived thereby. Besides, the appeal from this ruling of the Clerk was premature; the order at most was interlocutory. If the notice had not been properly served, the Court would simply have directed a reasonable delay of proceedings or that a new notice issue forthwith to be served within a day specified. *Turner* v. *Holden*, 109 N. C., 182.

There is no error and the case is remanded to the Clerk of the Superior Court of Cumberland County to be proceeded with according to law.

No Error.