G. W. DAVISON, et al. v. WEST OXFORD LAND COMPANY.

*Deposition—Objections to— Waiver—Appearance.*

Where it appeared that a party to an action who objected to a deposition on the ground that the commission was not signed by the clerk and attested by the seal of the court, had appeared before the Commissioner and attended the taking of the deposition in response to notice of the time and place thereof ; that the person to whom the commission was issued was a Commissioner of Affidavits for North Carolina, and that the witness was duly sworn and examined before him, and that no objection was entered to the taking of the deposition at the time ; *Held,* that such general appearance was a waiver and the exclusion of deposition was error.

CIVIL ACTION, tried before *Greene, J.,* and a jury, at April Term, 1895, of GRANVILLE Superior Court.

Before the trial was begun counsel for the defendants stated that they would object to the reading of the deposition of G. W. Davison, taken in the cause, on the ground that the commission issued to W. H. Raleigh, as Commissioner, was neither signed by the clerk of the superior court, nor was the seal of said court affixed to the same, and by consent this matter was argued before his Honor as if the objection was regularly taken on the trial, when the deposition should be offered. Plaintiff's counsel contended that as W. H. Raleigh was a Commissioner of Affidavits for state of North Carolina, residing in Baltimore, and the witness was duly sworn and examined, and notice had been given of time and place of taking said deposition, and as counsel had appeared for defendants, the objection could not now be taken. The clerk had endorsed on the envelope containing said deposition, " opened by consent, subject to all legal exceptions."

His Honor sustained the objection of defendants, and plaintiffs excepted.

There were various other exceptions taken during the trial, but not being passed on by the court the Reporter omits reference to them.

There was a verdict for the defendants, and from the judgment thereon the plaintiffs appealed.

*Messrs. A. J. Field* and *R. O. Burton,* for plaintiffs (appellants).

*Messrs. Graham & Graham, contra.*

CLARK, J. : The court below excluded the deposition of G. W. Davison on the ground that the commission issued to W. H. Raleigh to take the same was not signed by the clerk, and the seal of the court was not affixed to the commission. This objection would have been valid if the defendant had not appeared when the deposition was taken, or, if appearing, had entered an objection on those grounds. But it appears that W. H. Raleigh was a Commissioner of Affidavits for North Carolina, that the witness was duly sworn and examined before him, that notice had been given of the time and place of taking the deposition, and that the defendant appeared by counsel at the examination. The Commissioner having authority to take depositions (*Code,* Sec. 633) the appearance of the defendant without objection was a waiver of all irregularities in the commission. *Barnhardt* v. *Smith,* 86 N. C., 473, 479. A similar instance of waiver is where a summons is issued to another county, without seal, or where a clerk improperly issues a summons returnable to the superior court of another county, the appearance of the defendant without objection is a waiver of the irregularity. *Howerton* v. *Tate,* 66 N. C., 431; *Moore* v. *Railroad,* 67 N. C., 209.

118—24

Or, if there is no summons served at all, or irregularly served, the general appearance of the defendant is a waiver of service and of all objections to the manner of making it. *Hinsdale* v. *Underwood*, 116 N. C., 593; *Wheeler* v. *Cobb*, 75 N. C., 21; *Roberts* v. *Allman*, 106 N. C., 391, and other cases cited in Clark's Code (2nd. Ed.), pp. 126, 145; *Cherry* v. *Lilly*, 113, N. C., 26, and other cases cited in Supplement to Clark's Code, p. 26. The error in the exclusion of the deposition necessitating a new trial, it is useless to pass upon the exceptions to the charge since they will probably not arise on the next hearing.

Error.