AHALIBAMAH McARTER v. S. B. RHEA, Administrator of
R. A. Rhea.

(Decided May 11, 1898.)

*Action on Contract—Depositions—Clerk of Superior
Court—Seal of Office—Process—Waiver of Objec-
tions—Witness, Interested—Evidence.*

1. When a commissioner to take depositions or any other process is
   issued to be executed within the county where it is issued, no seal
   is required to be affixed thereto; otherwise, when it is to be exe-
   cuted outside of such county, for, without the seal, it is void.
   (CLARK, J., dissents).

2. Where a party attends upon and takes part in taking depositions,
   he thereby waives all objections of a formal character, but a void
   process will not be vitalized unless there is an amendment with-
   out prejudice to third parties.

3. Where the testimony of a witness is objected to because of his interest
   in the action, such objection cannot be sustained where it is shown
   that such witness has no such interest.

4. In an action against an administrator for money loaned to his intes-
   tate, the plaintiff testified as to a mark on an almanac and when it
   was placed there. The defendant objected to the testimony as
   showing a transaction with the deceased; *Held,* that the testimony
   was properly admitted since it appeared from other testimony that
   the mark was not placed on the calendar at the time the money
   was loaned.

CIVIL ACTION tried before *Norwood, J.,* and a jury
at Spring Term, 1897, of CLEVELAND Superior Court.
There was a verdict for the plaintiff and defendant ap-
pealed.    The facts sufficiently appear in the opinion.

*Mr. W. J. Montgomery* for plaintiff.
*Messrs. J. W. Gidney* and *Webb & Webb* for defend-
ant (appellant).

Faircloth, C. J.: This action is against the defendant, S. B. Rhea, as administrator *d. b. n.* of R. A. Rhea, for money loaned and for other matters due on an open account.    At the trial defendant objected to the reading of the deposition of the plaintiff and Julia Patterson, a sister of the plaintiff.    The exception was solely on the ground that the commission issued by the clerk of Cleveland county to H. T. Hudson to take the deposition had no seal attached and was void, according to *The Code*, 1357.    The defendant failed to observe other provisions of the law.    The Act of 1797, Rev. Stat. Chapter 31, Section 125, provided "that in all cases where the clerk of a county or Superior Court issues process, to the county of which he is clerk, it shall not be *necessary* for him to affix the seal of his office thereto."    This provision has been continued, Rev. *Code*, Chapter 31, Section 63, and is now found in *The Code*, 1247.    The Legislature thought it unnecessary to require a seal in such case, as the officers of the court would be known officially to the citizens of the county, whereas, when beyond its limits they would not and their official acts could be recognized only when evidenced by the seal of the court whose officers they were.    The rule, then, is that when the process is to be executed within the county where it issued, no seal is required but if it goes beyond such county the seal is required, and without it the process is void.    This difference applies to all precepts or process, such as summons, execution and the like.    This distinction has been sustained by numerous decisions of this Court. *Freeman* v. *Lewis*, 27 N. C., 91; *Taylor* v. *Taylor*, 83 N. C., 116.

Parties may attend and defend and this would waive all objections of a formal character, but would not vitalize *void* process except by amendment without

McARTER v. RHEA.

prejudice to third parties.  *Barnhardt* v. *Smith*, 86 N. C., 473; *Davison* v. *Land Co.*, 118 N. C., 368.  It was admitted that the commission issued to take the deposition and was taken in Cleveland county at the residence of the witnesses in said county.

Another objection to Julia Patterson's evidence was that she was interested.  On cross examination she was asked by defendant, "Did you have no interest in it?" Ans. "No, I did'nt," and there was no other evidence to show any interest.  Exception overruled.

The third exception was to the evidence of the plaintiff, under *The Code*, Sec. 590.  His Honor admitted only the following: "State your name."  Ans. "Ahalibamah McArter."  "What year is that Almanac?"  Ans. "1887." "Is there any mark on that almanac of any kind?"  Ans. "Only what I put on it."  "What month is the mark on the almanac?"  Ans. "January."  To these rulings the defendant excepted.

We see nothing in the above examination tending to show any "conversation or transaction" with the deceased.  It seems to be only a mark by which the witness refreshed her mind as to a certain date of some transaction.  It appeared by another witness that the mark was not put on the Almanac at the time when the money was paid.  There is no error.

Affirmed.

CLARK, J., dissenting from the *obiter dictum*.  The expression in the opinion "and without it (a seal) the process is void" is an *obiter dictum*, since the expression is not called for by the exception, and its omission (as will be seen at a glance) will not affect the reasoning in the opinion, or the result.  As an *obiter dictum* it can have no weight as a precedent and its presence can

serve no beneficial purpose.   As is said by FAIRCLOTH, C. J., in his concurring opinion in *Williams* v. *Gill*, at this term, "The facts in this case do not authorize or call for such an expression.   Too much *dicta* leads to confusion and requires too much subsequent explanation. The proposition would certainly require very serious consideration."

Besides, if the point arose in this case, the expression could not be sustained by reason and precedent and if held in this way would create serious and grave inconveniences, affecting the validity of judgments and titles, for if process issued to another county is in fact void it cannot be vitalized by amendment.   On the contrary it has been too often held by this Court to be now questioned that "where a clerk has omitted to affix the seal of his court to writs out of the county, the court may at a subsequent term, order him to affix the seal *nunc pro tunc." Purcell* v. *McFarland*, 23 N. C., 34; *Clark* v. *Hellen*, Id., 421; Henderson, C. J.; *Seawell* v. *Bank*, 14 N. C,, 279.   In these cases the court says "The omission of the clerk to affix the seal was but a misprision in him" and "The writ is not defective.   It only lacked authentication.   The clerk knew whether he issued it, and if true, the court possessed the means of giving it authentication as to the rest of the world by stamping it with the seal of the court.   The Revised Statutes (Chapter 58, Section 1) declare that the court in which an action shall be pending, shall have power to amend any *process*, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment.   This act is very broad and we think covers this case."   The present Statute (*The Code*, Section 273) is in the same words as that above

McArter v. Rhea.

cited (except that it is broader by giving power to amend "before *or after* judgment") and cannot be more narrowly construed. If under the Revised Statutes a seal could be affixed to process issued out of the county after its return, it can certainly be done now, and process that can be thus amended is not "void" for, as the opinion in the present case properly says, "void process cannot be vitalized", a dead body cannot be galvanized into life. The above cases are cited as authority in *Smith* v. *Spencer*, 25 N. C., 256; *Freeman* v. *Morris*, 44 N. C., 287; *Phillipse* v *Higdon*, Ibid 380; *Williams* v. *Weaver*, 101 N. C., 1; *Henderson* v. *Graham*, 84 N. C., 496, and in other cases. In the last named case, the clerk had omitted to sign the summons and this court held that his signature could be added by amendment after return of summons as "served", and say, in reference to cases in which it had been held that process issued to another county under seal was void, "but it is decided in those cases that they may be rendered effective by amendment and attaching the seal when the rights of other persons are not affected"—thus conclusively showing that process issued to another county not under seal is not void, notwithstanding unguarded expressions, but merely voidable.

It is to be regretted that the necessity of comparing the above decisions, and showing that there is no real conflict between them, has arisen upon an *obiter dictum*, but it is proper to show that the court has not by the use of five words, by a wave of the hand, so to speak, overruled a line of decisions by some of the most eminent judges who have sat upon this bench, and jeopardized titles which rest upon the power of amendment to add the omitted seals to process issued to other counties

"before or after judgment" as the amended statute now reads.

If in the present case the order to take depositions had issued to a commissioner out of the county (which it did not) and on its return, not being under seal, the Judge had amended by permitting the clerk to append his seal, as the above cases hold can be done after sale under execution or return of service of summons, then, if an exception had been made on that ground, the point would have been raised. As it is, the expression is purely *obiter*, and this dissent therefrom is in the interest of the integrity of titles and of our decisions which might well be shaken if attention were not called to the fact that the expression is only *obiter* and contrary to settled precedents and the statutes above cited.