MAY, Judge,
concurring in result.
I agree we should reverse summary judgment for Dexter for the reasons the majority states: Dexter owed Huffman, its invitee, a duty and there are fact issues as to breach and proximate cause. However, I believe it is unnecessary, and therefore inappropriate, to address OSHA regulations, DOT regulations, the interpretation and application of those regulations, preemption, and congressional intent in this relatively straightforward premises liability case.
As Huffman was an invitee, Dexter owed him a duty to exercise reasonable care for Huffman’s protection while Huffman was on Dexter’s premises. The majority correctly reaches this conclusion about duty without analysis, or even mention, of OSHA or DOT regulations. But it then relies on those regulations as a basis for its determination there is a factual issue as to breach, even though the duty that might have been breached apparently does not arise from those regulations.
Whether the axles should have been strapped together for safe loading presents an issue of fact as to breach of duty, which precludes summary judgment regardless of whether any federal regulation applies. Nothing more needs to be said about that, and reaching that conclusion does not require an analysis of the meaning, relative authority, or application of OSHA or DOT regulations. The OSHA/ DOT discussion is therefore dicta.
“As with diamonds, the principal difficulty in overly broad holdings is inclusions— clouding what should be clear statements of the holding with other assertions that should instead have been treated as dicta.” Michael Abramowicz & Maxwell Stearns, Defining Dicta, 57 Stan. L. Rev. 953, 1017 (2005). It is a basic rule of jurisprudence that courts decide only so much as is necessary to resolve the cases before them. Pointon v. State, 267 Ind. 624, 630, 372 N.E.2d 1159, 1162 (1978) (DeBruler, J., concurring). “Too much dicta leads to confusion, and requires too much subsequent explanation.” McArter v. Rhea, 122 N.C. 614, 30 S.E. 128, 129 (1898). I can accordingly concur only in the result.