## SUBER v. CHANDLER.

1. An allegation in the complaint that plaintiff obtained judgment against C is a sufficient statement of plaintiff's ownership of the judgment.
2. At the trial it appeared that plaintiff had assigned his interest in the judgment, the subject of the suit, to a third party before action brought, whereupon the trial judge ordered an amendment adding such assignee as a party plaintiff, and continued the case. *Held,* that such amendment was within the judge's discretion and was not error of law.
3. This case distinguished from *Strickland* v. *Bridgers,* 21 *S. C.,* 26, *per* McGOWAN, A. J.

   Only result concurred in.

Before WITHERSPOON, J., Newberry, December, 1885.

This was an appeal by defendants from the following order:

It appearing to the court that Lambert J. Jones, in his own right and as survivor of the firm of Jones & Jones, which was composed of Lambert J. Jones and Benson M. Jones, now deceased, has an interest in the determination of this action by reason of assignments, dated respectively December 22, 1873,

and August 7, 1874, by the plaintiff to the said Lambert J. Jones and Jones & Jones of the note upon which the judgment in favor of the plaintiff set forth in the complaint is founded by way of collateral security for the payment of plaintiff's indebtedness to said Lambert J. Jones and Jones & Jones and plaintiff's indebtedness on claims against him in the hands of Jones & Jones for collection.

It is ordered, that Lambert J. Jones, in his own right, and as survivor of Jones & Jones, be added as a party plaintiff herein, with the allegation of his interest, as hereinbefore recited.

It is ordered, that the summons and complaint amended, as directed by said order, be served upon the defendants within twenty days after the rising of this court, and that the defendants have twenty days after the service of said amended summons and complaint within which to answer the same. It is further ordered, that the case be marked continued.

*Mr. M. A. Carlisle*, for appellants.

*Mr. Geo. S. Mower*, contra.

April 3, 1888. The opinion of the court was delivered by

Mr. Justice McGowan. This case was once before in this court, and that opinion fully states the facts. It there appears that the action was brought on the part of the plaintiff, Ivy M. Suber, claiming to be a judgment creditor of Thomas Chandler, deceased, to set aside a voluntary conveyance of a certain tract of land in Newberry County, executed in his life-time (September, 1869) to his wife and two daughters, the defendants. The action in which the judgment of Suber was recovered on a sealed note bearing date in 1863 was commenced in 1874, and went into judgment on February 18, 1879. The execution was returned *nulla bona*, and this proceeding to set aside the conveyance was instituted in the succeeding month of October (1879). Under these circumstances the Circuit Judge on the first trial held that the defendants were protected by the statute of limitations, but on appeal this judgment was reversed and the case sent back for a new trial. See *Suber* v. *Chandler*, 18 *S. C.*, 526.

Upon the second trial the defendants interposed a verbal demurrer, that the complaint did not state facts sufficient to constitute a cause of action, and that being overruled the trial progressed. Among other witnesses, the defendants examined the plaintiff, Ivy M. Suber, who, it seems, is a brother of the defendant, Dolly L. Chandler, and he was allowed to testify that he had once owned the note upon which the judgment standing in his name had been recovered; but that, being embarrassed, he had assigned the note (probably before it was sued to judgment) to Messrs. Jones & Jones, as collateral security for certain demands which they held against him, as it seems, individually, and as attorneys for others; that since that time he really did not own the note; that he had given it up for the benefit of his creditors, and "if they could make anything out of it, all well and good;" that he did not authorize the suit, but knew that it had been brought, and never before made any objection to its being in his name—now, however, he desired it dismissed.

Thereupon the attorney for plaintiff moved the court for leave to amend the complaint by making Lambert J. Jones, in his own right, and as survivor of Jones & Jones, a party plaintiff, which was granted, the amended complaint to be served upon the defendants, to be answered within the time allowed by law, and continued the case.

From this order the defendants appeal to this court upon the following grounds: 1. Because his honor refused to sustain the oral demurrer of the defendants, that the complaint does not state facts sufficient to constitute a cause of action. 2. Because his honor allowed the complaint to be amended by adding L. J. Jones, as survivor of Jones & Jones, and in his own right, as a plaintiff in the action.

In reference to the oral demurrer, we are unable to say whether the complaint stated facts sufficient to constitute a cause of action, as there is no copy of it in the brief. If we take the statement made in the "Case," we think the facts stated were sufficient. The statement is that "the plaintiff obtained judgment against Thomas Chandler for $1,738.17 on February 13, 1879; that the debt on which judgment was obtained was contracted prior to September, 1869; that the said Thomas Chandler, on September 2, 1869,

conveyed all his real estate to the defendant, Dolly L. Chandler, for life, and after her death to her two co-defendants; that the said conveyance was made with intent to defraud the executor's creditors, he not having retained sufficient property to pay his debts, the conveyance being for love and affection; * * * that said grantor died insolvent on March 2, 1878, without means to pay the said judgment," &c., &c.

The sufficiency or insufficiency of a complaint, when there is an oral demurrer for the want of sufficient facts, must be determined on its face as it stands. It is not allowable to controvert the statements by evidence and then invoke the demurrer—not to the allegations as made, but to the facts as supposed to be shown by such evidence. The very nature of a demurrer forbids this, for it admits the facts to be true as stated. The statement that "the plaintiff obtained judgment against Thomas Chandler," &c., surely was an allegation in the usual form of ownership on the part of the plaintiff, Suber. As was said by the Chief Justice in *Dial* v. *Tappan*, 20 *S. C.*, 176: "It is true that it was essential to the maintenance of the plaintiff's action, that he should be the legal owner and holder of the papers sued on, and therefore he should have alleged facts showing that he was such owner. This, we think, he has substantially done. Mr. Bliss says: 'That an allegation that a bill or note is payable to or endorsed to the plaintiff implies that he is the owner and holder, which need not be alleged'—citing *Farmers' & Mechanics' Bank* v. *Wadsworth*, 24 *N. Y.*, 547. And, further: 'If the facts stated imply title, and he is still not the party in interest, it is matter of defence.' *Bliss Code Pleadings*, section 176."

The case does not make the question whether the original note, assigned by Suber as a collateral security for his creditors, could be sued to judgment in his name—Chandler, the defendant, having made no such defence—when the judgment was rendered, nor whether Suber, having full knowledge that the action was brought in his name for the benefit of his creditors, and at least acquiescing in it for more than ten years, through different forms of litigation, could be heard at the trial to impeach the record by oral testimony. See *Latimer* v. *Latimer*, 22 *S. C.*, 257. Nor whether the Chandlers, defendants in this action, based on the

aforesaid judgment, could offer evidence at the trial tending to show that the plaintiff, Suber, was not the real party in interest, and had not legal capacity to sue, such defence not having been specifically made, either by demurrer or answer. See *Steamship Company* v. *Rodgers*, 21 *S. C.*, 28.

The only question before us is, whether it was error on the part of the judge to allow the complaint to be amended by adding as a plaintiff one of the parties to whom had been assigned as collateral security the note on which judgment was recovered against Chandler in the name of Suber, the plaintiff. The code of procedure, in the interest of justice, has made ample provision for amendments. It certainly should be the object of every system which undertakes to administer justice to avoid, if practicable, disposing of cases upon mere points of technical form ; but, on the contrary, as far as possible, to make form yield to substance, and to decide controversies according to their real merits. All the commentators on the code say that, as a rule, it has adopted the liberal practice of the old Court of Chancery as to parties. One of those rules is, that the action must be brought by the real party in interest; but there is also another rule, that all parties having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs. An application for an amendment at the trial can be made only to the Circuit Judge, and is addressed to his judicial discretion, the exercise of which will rarely be disturbed, especially where the application is granted. Certainly it will not be disturbed, unless it deprives a party of a substantial right, which he can show he is entitled to under the law. *Coleman* v. *Heller*, 13 *S. C.*, 491; *Trumbo* v. *Finley*, 18 *S. C.*, 311.

The case of *Coleman* v. *Heller* was very much stronger than this. In that case it appeared at the trial that the plaintiff was not the real party in interest, but that his wife was. Whereupon the defendant moved for a non-suit, but the presiding judge refused it and granted an order substituting the name of the wife for that of the husband, and proceeded with the trial against the protest of the defendant. This court held that it was error not to give time to answer the amended complaint, but refrained from disturbing the order substituting the name of the wife for that of

the husband as being within the discretion of the judge. It was there said : "It was in the discretion of the Circuit Judge at the trial, in furtherance of justice, and on such terms as may be proper, to grant an order striking out the name of one person and inserting that of another as plaintiff. * * * These provisions of the code (now numbered sections 191, 192, and 194), taken together, do not seem to give to a Circuit Judge greater power than that which was formerly exercised by the chancellors in this State. In the case of *Jennings* v. *Springs, Bail. Eq.*, 181, Chancellor DeSaussure had granted an order permitting the complainant, Jennings, to amend his bill by substituting the names of the executors of Pressley for his own, the bill having been filed by him as their agent, and his own name erroneously inserted. Appeal was taken and the Court of Appeals held that it was within the discretion of the court to permit a bill to be amended by substituting the name of a new for an original complainant, even after answer filed, but upon reasonable terms," &c.

There is nothing here said which is in conflict with *Strickland* v. *Bridgers*, 21 *S. C.*, 26. In that case the Circuit Judge refused to permit an amendment "whereby a new party (not known to exist) could be substituted for a sole plaintiff," and this court refused to disturb that exercise of his discretion on the ground that the plaintiff had no cause of action whatever. Here the Circuit Judge permitted the amendment, which only added another party as plaintiff, and "did not substantially change the claim made." Without considering whether there was a necessity for the amendment, we think that L. J. Jones came within the rule allowing "all persons having an interest in the subject of the action" to be joined as plaintiffs, and that the order permitting him to be made a party plaintiff was not such abuse of his discretion by the Circuit Judge as to require us to declare that it was error of law.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON and MR. JUSTICE McIVER concurred in the result.