## HEYWARD v. WILLIAMS.

Amendment—Complaint—Circuit Judge.—Under secs. 194 and 195 of Code, a Circuit Judge has ample discretionary power to make an order permitting a plaintiff to amend his complaint after answer served, and to extend the time to answer and reply.

Before Aldrich, J., Beaufort, March, 1896. Affirmed.

Motion of plaintiff for leave to amend complaint in case of A. H. Heyward against C. A. Williams *et al.* Motion granted. Defendants, C. A. Williams and A. S. Williams, appeal.

*Mr. W. J. Verdier*, for appellants, cites: Code, 194; 31 S. C., 199; 43 S. C., 318; 18 S. C., 305; 26 S. C., 474; 31 S. C., 588.

*Mr. W. N. Heyward*, contra, cites: 9 S. C., 330; 13 S. C., 23; 38 N. Y., 206; 16 S. C., 358; 2 S. E. R., 501; 14 S. C., 223; 17 S. E. R., 21; 10 S. E. R., 545; 12 Ib., 564; 14 Ib., 622; 2 Ib., 483.

March 20, 1897. The opinion of the Court was delivered by Mr. Justice Jones. This is an appeal from an order of

Judge Aldrich allowing plaintiffs to serve amended copies of the complaint on certain of the defendants, allowing said defendants twenty days after service thereof within which to answer, and allowing plaintiffs twenty days after service of said answer in which to reply to any matter set up by way of counter-claim. The Circuit Judge found the facts as follows: "Counsel for plaintiff prepared a complaint, endorsed original, for the foreclosure of a mortgage of real estate. The words 'after maturity' were, by accident, omitted in the allegation purporting to state the terms of the mortgage debt. A second complaint, endorsed original, was prepared, which purports to set out correctly the terms of the note secured by the mortgage, including the words 'after maturity.' By accident, copies of the erroneous original were served upon certain of the defendants. These defendants have served their answers, and a counter-claim has been set up against the cause of action as stated in the complaint served upon them. I think that the omission of the words 'after maturity' was an accidental error, or clerical error, and was not discovered by counsel for plaintiff until the answers of defendants directed his attention to the matter. The original complaint purports to be verified; unverified answers to the complaint were served upon plaintiff's attorney, which he returned, upon the ground that they were not sufficient, in that a verified complaint demands a verified answer. It required an order of this Court to determine the question whether or not the complaint was duly verified, and it was held that the verification was not according to law," &c. Under sections 194 and 195 of the Code of Procedure, the Circuit Judge had ample power to make the order complained of. The whole spirit of the Code is opposed to the disposition of a cause upon mere technical errors and irregularities, and seeks a fair hearing on the merits, hence the very ample powers of amendment conferred on the trial courts. The exercise of this power is discretionary, and will not be interfered with by this Court unless there is abuse of discretion. *Trumbo* v. *Finley*, 18

S. C., 315; *Garlington* v. *Copeland*, 32 S. C., 69.   There is nothing in the record in this case which shows any such abuse of discretion as would warrant our interference.

The judgment of the Circuit Court is affirmed.