### CONE v. CONE.

1. HUSBAND AND WIFE—PRESUMPTION.—DOMICILE of wife is presumed to be that of the husband in all cases except where there has been a legal separation.
2. JURISDICTION—WAIVER.—Where a defendant appears generally and answers, he waives the right to make the point that the Court has not acquired jurisdiction of his person.
3. IBID.—TRUSTEE—REAL PROPERTY.—A proceeding for the appointment of a trustee is not an action for the recovery of real property or an interest therein, and need not be brought in the county where the land lies.
4. PARTIES—PLEADINGS.—A PLEA IN ABATEMENT for defect of parties must show affirmatively the names of the parties omitted, that they are alive and within the jurisdiction of the Court.
5. TRUSTEE—EQUITY.—Where a trust deed provides that in case of a vacancy in trusteeship, the beneficiaries shall join in appointing a trustee, and the evidence shows that the state of feeling between them is such that they will not so join, court of equity will appoint a trustee upon application of one beneficiary, with notice to the other.
6. IBID.—In case of death of trustee, the title in him descends to his oldest son.

Before WATTS, J., Dorchester, May, 1900. Affirmed.

Petition and summons by W. F. Cone against Mary J.

Cone, for appointment of trustee. The master filed the following report:

"This case was referred to me by an order of his Honor, Judge George W. Gage, bearing date October 19, 1899, which order is as follows: 'On hearing the petition of the said W. F. Cone, petitioner, and the answer thereto of Mary J. Cone, and after hearing Messrs. Izlar Bros. & Reed, attorneys for the petitioner, and Messrs. Griffin & Padgett, attorneys for Mary J. Cone, it is ordered, that it be referred to R. S. Weeks, Esq., master for Dorchester County aforesaid, to take testimony upon issues raised by the said petition and answer, and to report the same with all convenient speed. It is further ordered, that said master do also take testimony as to a fit and proper person to be appointed trustee in the place of J. H. Cone, deceased trustee, and to recommend in his report the name of a fit and proper person to be appointed such trustee; finally ordered, said master have leave to report any special matter brought to his attention by the counsel engaged in the case.'

"In pursuance of said order, and after due notice, I held a reference and took such testimony as was offered by the counsel for the petitioner and the respondent, and herewith submit the same.

"As to the fit and proper person for trustee, John D. Bivens was named by petitioner as such. The respondent names M. W. Cone, a son, or J. R. Tumbleston, a son-in-law. These last two being kin to the petitioner and respondent, namely, son and son-in-law, I would recommend the appointment of the said John D. Bivens. No special matter was brought in by counsel. All of which is respectfully submitted."

The following is the Circuit decree:

"On hearing the report of R. S. Weeks, master of Dorchester County, bearing date May 9, 1900, in which he recommends the appointment of John D. Bivens as trustee in the place and stead of J. H. Cone, deceased trustee, and

33—61

on motion of Izlar Bros. & Reed, attorneys for the petitioner, it is ordered, that the said report of the master be and the same is hereby confirmed and made the judgment of the Court. It is further ordered and adjudged, that the said John D. Bivens be and he hereby is substituted as trustee under the trust deed executed by the said W. F. Cone to the said J. H. Cone as trustee, and bearing date the 20th day of October, A. D. 1873, in the place and in stead of the said J. H. Cone, deceased trustee, with all the powers, duties, rights, privileges and liabilities of the said J. H. Cone, deceased trustee, under the original trust deed, a copy of which is attached to the petition of the petitioner herein as a part thereof. That the said John D. Bivens so appointed and substituted shall signify his acceptance of said trust in writing upon the margin of the record book in the office of the clerk of this Court in which said deed is recorded, in the presence of the said clerk; and that thereupon the said John D. Bivens shall be considered to all intents and purposes as vested completely and absolutely with all the estate, right, title, intent, powers, privileges and authority, and as liable to all the conditions, terms and restrictions as original trustee under said trust deed was vested with or liable to, in whose stead now and place he, the said John D. Bivens, is appointed and substituted. It is further ordered, that the said John D. Bivens, before entering upon the duties of his office, do enter into a bond to be approved by the master of Dorchester County in the sum of five hundred dollars, for the faithful performance of his trust in collecting and disbursing the rents from the trust real estate; and that in case of application for sale and reinvestment of any portion of the real property of said trust estate, that the said trustee, before making such sale, shall enter into bond to be approved by said master in the sum of five thousand dollars for the faithful performance of his trust in regard to the proceeds of such sale."

From this decree the defendant appeals on following exceptions:

"1. Because it is respectfully submitted that the Court of Common Pleas for Dorchester County did not have jurisdiction *in personam,* or over the person of the respondent, appellant, Mary Jane Cone, it being proven without contradiction that she was a resident of Colleton County, and raising such question of jurisdiction in the pleading herein.

"2. Because the Court of Common Pleas for Dorchester County was without jurisdiction *in rem,* since the real property set out in exhibit to petition having been proven without contradiction to be in Colleton County, and exception to such jurisdiction being duly taken by respondent, appellant, in the pleadings herein.

"3. That the domicile of the wife being alleged and proven without contradiction to be separate and distinct from the husband, they living apart, as alleged in petition, the presumption of the common law that the 'domicile of the husband is that of the wife,' does not apply, and her actual domicile is a matter of proof, and has been established as referred to in exception one.

"4. That it was error in holding and deciding that there was a vacancy in the office of trustee created by the deed referred to in the petition and filed with the same, it being proven that the deceased trustee died leaving heirs at law, who are the trustees.

"5. That petitioner herein was, and is, estopped from taking any plan to substitute a new trustee without first carrying out the provisions fixed in the trust deed for the appointment of a new trustee in the place of J. H. Cone, and it was error in not so holding."

*Mr. James Evans,* for *Messrs. Griffin & Padgett,* for appellant, cite: *Court of Dorchester County had no jurisdiction of the person of the defendant:* Code, 146; 11 S. C., 123; 16 S. C., 276; 22 S. C., 276; 28 S. C., 313.

*Messrs. Izlar Bros. & Reed,* contra, cite: *Law presumes domicile of husband to be that of wife:* Jacobs on Dow.;

secs. 209, 215. *Where trustee dies, court of equity will appoint another:* 27 Ency., 16; 10 Rich. Eq., 362; Perry on Trusts, secs. 280, 282; Rev. Stat., 2097; 10 S. C., 548; 24 S. C., 455. *And may be done by petition:* Bail. Eq., 491; 35 S. C., 428.

September 10, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was a petition in the Court of Common Pleas for Dorchester County, praying for the appointment of a trustee in the place of J. H. Cone, deceased, under a deed executed by the petitioner, W. F. Cone, to the said J. H. Cone, bearing date the 20th day of October, 1873, conveying certain property, both real and personal, to the said J. H. Cone upon certain trusts therein declared, to wit: in trust to pay the said W. F. Cone and his wife, Mary J. Cone, "the rents and profits of the real estate, and the increase and profits of the said personal property (or permit the said W. F. Cone and his wife, Mary Jane Cone, to have the use thereof at his discretion), annually during the natural life of the said W. F. Cone and Mary Jane, his wife, and the survivor of them * * * and from and after the death of the survivor of them, the said W. F. Cone and Mary Jane, his wife * * * to divide the said property, real and personal, amongst the children of the said W. F. and Mary J. Cone, then living," with a provision that the child or children of any child then deceased shall represent his, her or their parent. The deed also contained a provision that the said J. H. Cone shall at all times have ample power, by and with the written consent of the said W. F. Cone, or in case of his death, the written consent of the said M. J. Cone, to sell or dispose of a part or all of the said property and invest the proceeds in any other property or securities he, the said W. F. Cone, or in case of his death, the said M. J. Cone, may direct. The deed also contains another provision, in these words: "That the said W. F. Cone and Mary Jane, his wife, shall have full power,

under their hands and seals, or in case of the death of either of them, then under the hand and seal of the survivor, to nominate, constitute and appoint another trustee in lieu and stead of the said J. H. Cone, who when so appointed shall have the same powers as are herein delegated to the said J. H. Cone, without the aid or intervention of any Court." These matters, except the fact that the said J. H. Cone is dead, are all set forth in the first paragraph of the petition— a copy of the trust deed, set out in the "Case," being referred to and made a part of the petition. In the second paragraph it is alleged "that the said J. H. Cone is dead and the trusteeship vacant," and that the provision in the deed for the appointment of another trustee cannot be carried out, "as your petitioner and his said wife are now, and have been for many months, living separate and apart, and she declines and refuses to unite with your petitioner for [in?] the appointment and substitution of another trustee." The petition was duly verified on the 6th of September, 1899, and was probably filed about that time. Soon thereafter a notice or summons was served on the said Mary Jane Cone, requiring her "to appear before the Court of Common Pleas for the county of Dorchester, at St. Georges, S. C., on the 18th day of October, A. D. 1899, to answer the petition herein, a copy of which is herewith served upon you, and to show cause if any you can, why the prayer of the petition should not be granted." Subsequently, on or about the 14th of October, 1899, the appellant filed her answer (as it is duly verified on that day), in which she admits the allegations contained in the first paragraph of the petition, and so much of paragraph two "as alleges that the trustee, J. H. Cone, is dead, and that this respondent and petitioner have for many months been living separate and apart, and denies all the other allegations in said petition contained." In the second paragraph she says: "That if the said trusteeship has not been executed, the same vests in the heirs at law of the said J. Hamilton Cone, who are necessary parties to any proceeding had for the substitution of a trustee, save by the

mode specially provided for in the deed filed as an exhibit to
the petition herein." In the third paragraph of her answer
she says: "That this respondent is, and has been for many
months past, a resident of the county of Colleton, and that
the real property set out as being conveyed by the trust deed
filed as an exhibit to the petition aforesaid, lies within the
limits of the county of Colleton." For further answer, re-
spondent says: "That during his lifetime the said J. Hamil-
ton Cone fully executed and discharged his trust in so far as
the same related to the real estate set out in the trust deed,
filed as an exhibit to the petition herein, by executing and
delivering to one H. T. Remley a title deed thereof;" and
that "the personal property therein mentioned and described
has long since been exhausted and used for the benefit of the
petitioner herein; and there now remains nothing as to
which said trust can be exercised;" and she refers to certain
affidavits attached to her answer, the purport of which are
not stated, nor do they appear in the "Case," and hence we
have no means of ascertaining what may be their force and
effect. It seems from the recitals in the master's report
(which should be incorporated in the report of this case),
that his Honor, Judge Gage, made an order bearing date
19th of October, 1899, referring it to the master to take the
testimony as to the issues between the parties, and also as to
who would be a proper person to be appointed trustee in the
place of J. H. Cone, deceased. In pursuance of this order
the master took the testimony which is set out in the "Case,"
and recommended the appointment of John D. Bivens.

A good deal of the testimony relates to matters which do
not relate to any issues which are brought before the Court
by this proceeding, and we shall, therefore, refer only to such
of the testimony as we regard pertinent to the present case.
It does appear from the testimony that the land described
in the trust deed does lie in the county of Colleton, but it
also appears that such land has heretofore been sold by the
late trustee, by and with the consent of the petitioner, as
provided for in the trust deed, for the sum of $1,100, and the

petitioner claims that the proceeds of such sale, after satisfying a mortgage on the property, have been applied to the purchase of other lands in the county of Dorchester and to the improvement of the same; but the appellant claims that these last mentioned lands were purchased and paid for with her own money. This conflict of claims presents an issue not raised, and which could not be raised, in the present proceedings, in which the only questions raised are, first, whether the petitioner, who is one of the beneficiaries under the trust deed, is entitled to have another trustee appointed by the Court in the place of J. H. Cone, the deceased trustee; and, second, if so, whether the proceedings in this case is the proper mode of obtaining such appointment. The "Case" does not show that any exceptions were taken to the report of the master, and the case came before his Honor, Judge Watts, who heard the same upon such report, and rendered judgment as set out in the "Case," confirming the report of the master, and ordering that the said John D. Bivens be appointed trustee under the deed of trust hereinbefore referred to and attached to the petition, in the place of the said J. H. Cone, the deceased trustee. From this judgment the appellant has taken this appeal upon the exceptions set out in the record, a copy of which, together with the decree or judgment of Judge Watts, will be incorporated in the report of the case.

The first exception raises the point that the Court of Common Pleas for Dorchester County had not acquired jurisdiction of the person of the appellant. In view of the fact that the appellant appeared not specially for the purpose of raising the question of jurisdiction, but generally, and answered the allegations of the petition; and inasmuch as the appellant's answer opens with a recital of the fact that she had been served with the petition and summons, it is difficult to conceive how it can be claimed that the Court of Common Pleas for Dorchester County had not acquired jurisdiction of the person of the appellant, even though it should be conceded that the defendant was and

had been for many months a resident of the county of Colleton. For the well settled doctrine is that the domicile of the husband is the domicile of the wife, unless perhaps where a *legal* separation has been established (and here there is no pretense of anything of that kind). As was well said by Dargan, Ch., in delivering the opinion of the Court in *Hair* v. *Hair,* 10 Rich. Eq., at page 176: "The husband has the right, without the consent of the wife, to establish his domicile in any part of the world, and it is the legal duty of the wife to follow his fortunes, wheresoever he may go;" which was quoted with approval in the recent case of *Wise* v. *Wise,* 60 S. C., 426. But it is not necessary to rest this case upon the ground just considered, as the case of *Rosamond* v. *Earle,* 46 S. C., 9, is quite sufficient to show that the appellant by appearing, generally and not specially, and answering to the merits, waived the right to raise the question whether the Court had obtained jurisdiction *of her person.* The first exception must, therefore, be overruled.

The second raises the point that the Court of Common Pleas for Dorchester County had no jurisdiction of the *rem,* because the real estate described in the original trust deed was situate in Colleton County, and not in Dorchester County, and the provisions of sec. 144 of the Code are invoked to sustain this point. That section provides that actions "for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," &c., "must be tried in the county in which the subject of action or some part thereof is situated." In the first place, this is not *an action,* but a special proceeding by petition, for the appointment of a trustee under a deed in place of the original trustee, who is dead. And even if it were an action, it certainly cannot be regarded an action for the recovery of real estate, or of an estate or interest therein, for if it were, either party could demand a trial by jury, and that certainly could not be demanded in a case like this. But waiving this, the present

proceeding cannot in any way affect the land described in the original trust deed, as the record before us shows that such land has been sold in accordance with the terms of that deed, and the claim of the petitioner is that the proceeds of such sale have been reinvested in other lands which the undisputed testimony shows are situate in the county of Dorchester.    So that in any view of the case, it is manifest that the second exception cannot be sustained, and it is, therefore, overruled.

The third exception, relating to the alleged domicil of the appellant, has been already disposed of by what has been said in considering the first exception.    For the reasons there set forth, the third exception is overruled.

The fourth exception raises the point that there is no vacancy in the office of trustee, for although J. H. Cone, the person appointed by the deed, is dead, yet the office descended to his heirs.    This exception was no doubt intended to be based upon the allegations contained in the second paragraph of appellant's answer, which seems to be in the nature of a plea in abatement upon the ground of defect of parties.    If it be so regarded, it is defective, in that, to use the phraseology of the former system of pleading, it "does not give the plaintiff a better writ," and such seems to be the rule under the present system of pleading, for, in speaking of a plea in abatement for the non-joinder of proper parties defendant, it is said in 1 Ency. Pl. & Prac., 17: "A plea in abatement for non-joinder should give the names of the parties omitted, and show that they are alive and within the jurisdiction of the Court, and within reach of its process."    Now in this case it does not appear from the pleading whether the deceased trustee, J. H. Cone, left any heirs, nor, if he did, who they are.    But it does appear from the testimony that the petitioner, W. F. Cone, was the brother of J. H. Cone, deceased, and, if so, then he would be an heir if the deceased left no wife or children, and he is a party to this case.

We do not see, therefore, that there is any foundation for the fourth exception, and it must be overruled.

The fifth exception seems to make the point that the petitioner "is estopped from taking any plan to substitute a new trustee, without first carrying out the provisions fixed in the trust deed for the appointment of a new trustee in the place of J. H. Cone." It is quite true that the deed, as we have seen, does provide for the appointment of a new trustee by the joint action of the petitioner and the appellant; but if such joint action cannot be had in this case, as seems to be the case, for while the appellant does deny the allegation made in the petition, that "she declines and refuses to unite with your petitioner for [in?] the appointment and substitution of another trustee," yet the testimony shows that the state of feeling existing between this man and wife, who are now separated, is such that it would be hopeless to expect that they would unite in appointing a new trustee. Under this state of things, the Court certainly has the power and will exercise it by appointing a trustee in place of the deceased trustee, for it is a maxim that the court of equity will never allow a trust to fail for want of a trustee. It is true, that upon the death of a trustee, in whom real estate has been vested by a deed or other instrument creating the trust, the office and estate created by such instrument descends to and vests in the heir at law of the trustee, not his heirs under the statute of distributions, which it seems does not apply to trust estates, but his heir at common law. *Martin* v. *Price*, 2 Rich. Eq., 412 (see especially the opinion of Johnston, Ch., beginning at page 468), but that is for the purpose of preventing the fee from being in abeyance; and it might be a grave question whether the heir at law in such a case could be required to perform the duties of trustee. Be that as it may, however, the case of *Ex parte Knust*, Bail. Eq., 489, affords ample authority for just such proceedings as this; and that case has been fully recognized in the comparatively recent case of *Sullivan* v. *Latimer*, 35 S.

C., 422, where the late Justice McGowan, in delivering the opinion of this Court, uses this language: "We know no reason why, in case of the death of a trustee, the Court of Common Pleas, in the exercise of its equity jurisdiction, may not appoint another trustee in his place, with all the powers and duties given to the first at the instance of the *cestui que trust,* and that by *ex parte proceeding."* The intervening case of *Wallace* v. *Foster,* 15 S. C., 214, is not in conflict with this view; for in that case, the question was whether a trustee who was still living could be *removed* from his office and another appointed in his place by an *ex parte* proceeding, which, as Harper, Ch., said, in *Ex parte Knust,* could not, under the English practice, be done except by bill, to which, of course, the trustee should be made a party. The fifth exception must likewise be overruled.

The judgment of this Court is, that the judgment of the Circuit Court must be affirmed.