## SENTELL v. SOUTHERN RY.

1. CORPORATION—MISNOMER—JURISDICTION—PLEADINGS—AMENDMENTS.
—Where a corporation defendant is incorrectly styled in summons and complaint, but answers to the merits in addition to plea of misnomer, the Court acquires jurisdiction of the corporation, and may order pleadings amended by inserting correct corporate name, and the fact that such amendment is granted after the cause of action sued on would be barred, does not affect it. *Lilly* v. *R. R. Co.,* 32 S. C., 142, *distinguished from this.*

2. PLEADINGS—AMENDMENT.—NOTICE of motion to amend construed to be intended to correct misnomer of defendant wherever it appeared, but Court having jurisdiction of defendant could make such order of its own motion in furtherance of justice.

Before DANTZLER, J., Edgefield, November, 1902. Affirmed.

Action by Rena A. Sentell, administratrix, against Southern Railway. From Circuit order, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *Misnomer must be set up by answer:* 22 S. C., 118; 4 Strob., 32; 2 Speer, 46; 1 Ency. P. & P., 35; Code of Proc., 1902, 170. *Code, 194, cannot apply here:* 29 S. C., 31; 43 S. C., 175; 62 S. C., 545. *Cause of action being barred, there was nothing to amend by:* 32 S. C., 142.

*Messrs. J. Wm. Thurmond* and *Croft & Lamb,* contra. *Mr. Thurmond* cites: *Corporate name need only be substantially correctly pleaded:* 16 Ency., 1 ed., 136; 19 Mich., 198. *Court has power to correct:* Code Proc., 194; 13 S. C., 495; 16 S. C., 231; 48 S. C., 564.

*Messrs. Croft & Lamb* cite: *Court had power to grant amendment:* 1 Ency. P. & P., 535; 14 Id., 285, 287; 15 Rich., 39; Code of Proc., 194, 196; 14 Ency. P. & P., 304, 296; 22 S. C., 118; 19 S. C., 565. *As to different amendments as to names:* 1 Ency. P. & P., 537, 541; 5 Ency. P. &

P., 69; 21 Abbt. N. C., 89; 11 Daly, 529; 5 Jones, 25; 3 So. R., 764; 15 S. W., 652; 50 Am. & Eng. R. Cas., 82; 12 Id., 176; 74 Ga., 397; 86 Ga., 676; 89 Ill., 43. *Appearance generally gives jurisdiction of person:* 57 S. C., 504; 61 S: C., 519; 35 S. C., 378; 46 S. C., 9.

July 28, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was an action for damages for alleged wrongful death of plaintiff's intestate by defendant's negligence. Both in the summons and the original complaint the defendant is named "The Southern Railway Company." The following answer, omitting caption as above, was served:

"Southern Railway Company answering the amended complaint served upon it in the above stated action:

"For a first defense: Alleges that its true name is and always has been Southern Railway Company, and not The Southern Railway Company, under which name it is sued in this action; and the defendant pleads a misnomer in abatement of this action.

"For a second defense: Denies each and every allegation in said amended complaint contained.

"For a third defense: Alleges that the plaintiff's intestate, James C. Sentell, negligently and carelessly went upon the railroad track while intoxicated and fell asleep thereon, and in such condition was struck and killed by a train of the Southern Railway Company, and so contributed to his own death."

Thereafter plaintiff's attorneys served notice to amend summons and complaint by striking out the word "The" in the caption of the complaint, thereby leaving "Southern Railway Company" as the proper name of defendant. The motion, resisted by defendant, was heard by Judge Dantzler on November 24, 1902, who passed an order granting plaintiff leave to amend summons and complaint by striking out the word "The" wherever it occurs in the corporate name

of defendant, and allowing defendant twenty days after service of amended pleadings to serve answer, or otherwise plead to the same. From this order Southern Railway Company appeals, alleging error because, (1) no jurisdiction was acquired over it by the service of the original summons and complaint and none could be acquired by the amendment allowed; (2) the motion to amend should have been refused, because the two years prescribed by statute within which such action must be brought had elapsed; (3) the order granting amendment was beyond the terms of the notice of motion.

With respect to the question of jurisdiction, Southern Railway Company was served with summons in this case, appeared generally, and, in addition to the plea as to misnomer, answered to the merits. This was sufficient to confer jurisdiction over Southern Railway Company. *Chafee* v. *Postal Tel. Co.,* 35 S. C., 378, 14 S. E., 764; *Rosamond* v. *Earle,* 46 S. C., 11, 24 S. E., 14; *Cone* v. *Cone,* 61 S. C., 579, 39 S. E., 748. It will hardly admit of doubt that the Court had power to amend the pleadings. Sec. 194 of the Code of Civil Procedure provides: "The Court may, before or after judgment in furtherance of justice and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, &c." In the case of *Coleman* v. *Holler,* 13 S. C., 495, the Court held that it was error not to give defendant time to answer, but that it was in the discretion of the Circuit Court to grant an order striking out the name of one person and inserting that of another as plaintiff. In that case the name of S. A. Coleman had been substituted for that of her husband, George H. Coleman, as sole plaintiff, and in view of such a substantial change, it was held error not to grant time for defendant to answer the case as standing in the name of the new plaintiff. In the case of *Suber* v. *Chandler,* 28 S. C., 385, 6 S. E., 155, the Supreme Court sustained an order amending summons and complaint

by adding the name of the assignee of plaintiff as party plaintiff as within the discretion of the Court. Even before the adoption of the Code, the court of equity held that it was within the discretion of the Court to permit a bill to be amended by substituting the name of a new for the original complainant. *Jennings* v. *Springs,* Bailey's Eq., 181. As stated in *Heyward* v. *Williams,* 48 S. C., 564, 26 S. E., 797, ."The whole spirit of the Code is opposed to the disposition of a cause upon mere technical errors and irregularities, and seeks a fair hearing on the merits, hence the very ample powers of amendment conferred on the trial courts. The exercise of this power is discretionary and will not be interfered with by this Court unless there is abuse of discretion." In this case it is manifest from the pleadings that the corporation intended to be sued was the same corporation which was served and which answered. The amendment allowed was not so extensive as to substitute a *new* defendant, but was merely a correction of a mistake in the name of the defendant. The misnomer, too, was so very slight that but for the remarks of the Court in *Clemson College* v. *Pickens,* 42 S. C., 519, 20 S. E., 401, it would possibly have been passed unnoticed. The writer of this opinion, as did the defendant's attorney in his answer, in speaking of the Southern Railway Company, finds it difficult to refrain from using the article "The" as a prefix. The Court having acquired jurisdiction over the defendant, Southern Railway Company, as shown, and having discretion to correct misnomer as shown, the fact that, at the time of the amendment, the two years within which such action should be brought had elapsed, does not affect the question. The amendment made no substantial change in plaintiff's cause of action, so as to call for investigation whether there was clear abuse of discretion. The case of *Lilly* v. *Railroad Co.,* 32 S. C., 142, 10 S. E., 932, cited for appellant, has no application, except in so far as it shows that the discretion of the Circuit Court in refusing an amendment, which would entirely change the nature of the action, would not be disturbed.

On the question whether the amendment allowed exceeded the terms of the notice. The notice was of an application for an order allowing plaintiff "to amend ·the summons and complaint herein" "by striking out the word 'The' in the caption of the complaint. thereby leaving 'Southern Railway Company' as the proper name of the defendant." Reading the whole notice, it is clear that the purpose was to correct the misnomer wherever it occurred in the pleadings. But, even if there was any doubt of this, the amendment to the summons. was in accordance with defendant's plea and after the answer on the merits, so that no harm has been done defendant, and was such as the Court of its own motion, in furtherance of justice, had discretion to make under the circumstances.

The judgment of the Circuit Court is affirmed.