13037

LEE v. STORFER *ET AL.*

(156 S. E., 177)

March, 1930.

*Messrs. J. C. Long* and *C. R. Burbage,* for appellant,

*Messrs. Nathans & Sinkler,* for respondent,

December 12, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

On January 18, 1930, the plaintiff, James Lee, by his attorneys, began this action in the Court of Common Pleas for Charleston County. S. J. Storfer was not a resident of this State, but was temporarily residing at the Timrod Inn, a hotel in the City of Charleston. The summons in the action, in the usual form, was entitled, "James Lee, plaintiff, against S. J. Storfer and one Buick automobile, bearing State of Illinois License No. 192853, defendant."

In the title of the copy of the summons, the name of the defendant appeared as "J. F. Storfer." On the back thereof, the name of the defendant appeared as "S. J. Storfer."

On January 18, 1930, Fred C. Stall, a citizen and resident of Charleston County, who had been called upon to make service of the summons on the named defendant, S. J. Storfer, served Storfer at the Timrod Inn, by delivering to him the copy of the summons with the name of the defendant incorrectly set forth therein as "J. F. Storfer" instead of "S. J. Storfer," and made proof of service in the usual form. Mr. Stall later swore that, in making the service, he inquired of the person served if his name was "S. J. Storfer," and, upon ascertaining such to be the case, he delivered the copy of the summons to S. J. Storfer, the defendant named in the original summons.

The complaint in the action was not served with the summons, the defendant being notified therein that the complaint would be filed in the office of the Clerk of Court of Common Pleas for Charleston County.

On January 22, 1930, the plaintiff caused to be filed in the office of the Clerk of Court the original summons, with the proof of service thereon, the complaint in the action, the title thereof showing S. J. Storfer as the defendant, and a warrant of attachment, in which the name of the defendant also appeared as S. J. Storfer. The warrant of attachment had not been served, however.

On February 7, 1930, Messrs. Nathans & Sinkler, as attorneys for "J. F. Storfer," in a suit entitled, "James Lee, plaintiff, against J. F. Storfer and one Buick automobile, bearing State of Illinois License No. 192853, defendant," served upon the attorneys for the plaintiff a notice of appearance, and demanded that a copy of the complaint in the action be served upon them. Soon thereafter, plaintiff's attorneys served upon Messrs. Nathans & Sinkler a copy of the complaint, the title of which showed the defendant to be S. J. Storfer. Messrs. Nathans & Sinkler, subscribing themselves "Attorneys for the defendant, S. J. Storfer," on February 12, 1930, acknowledged service of

the complaint in the case of "James Lee, plaintiff, against S. J. Storfer and one Buick automobile, bearing State of Illinois License No. 192853, defendant."

On March 3, 1930, Messrs. Nathans & Sinkler, appearing only for the purpose of the motion intended to be made and without submitting S. J. Storfer to the jurisdiction of the Court, notified plaintiff's attorneys that they would move on March 10th, before his Honor, Circuit Judge Mann, presiding in the Court of Common Pleas for Charleston County, for an order dimsissing the action of "James Lee, plaintiff, against S. J. Storfer, " etc., and requiring the clerk to cancel the same on the records of the Court. This motion, at the proper time, came on to be heard before the Circuit Judge, who granted the same.

No reasons were given by the Circuit Judge for his order, but it was based evidently upon the fact stated in the affidavit of the defendant S. J. Storfer, which was conceded by the plaintiff, that the copy of the summons served on the defendant gave his name as "J. F. Storfer" instead of his correct name of S. J. Storfer. From the order of Judge Mann, the plaintiff has appealed to this Court.

The summons in a civil action is the necessary process by which the Court obtains jurisdiction of the defendant. A civil action in the Courts of record of this State must be commenced by the service of a summons. Section 383, Volume 1, Code of 1922. The record here shows that the proper summons was issued and subscribed by the plaintiff's attorneys, as required by Section 384, *Id.*

Under the provisions of Section 390, *Id.*, the summons is to be served by delivering a copy thereof to the defendant named therein. The question here then does not relate in any way to the original summons, but really concerns the validity, under the circumstances, of the service of the original summons on the defendant by delivering to him a paper which was not an exact and correct copy of the original summons.

In *Heyward v. Williams*, 48 S. C., 564, 26 S. E., 797, 798, speaking for this Court, Mr. Justice Jones said: "The whole spirit of the Code is opposed to the disposition of a cause upon mere technical errors and irregularities, and seeks a fair hearing on the merits; hence the very ample powers of amendment conferred on the trial Courts."

Speaking of the process by which a defendant is brought within the jurisdiction of the Court, Cyc. says this: "The copy should be substantially correct, but is not to be construed with the same strictness as the original. The copy need not contain any indorsement by the Sheriff, but is sufficient if it contains all that was put on the summons by the Clerk. Clerical errors in the copy delivered will not affect the jurisdiction of the Court, where defendant has not been misled thereby." 32 Cyc., 459.

To practically the same effect are the general principles announced in an interesting annotation in L. R. A., where this is said: "In general, a defect in the copy delivered in the name of a party is not considered material where the party served is not misled. Thus, the service was held sufficient where the copy delivered omitted on its face the name of the plaintiff, but such name appeared upon the back of the copy. So it was held to be no material defect that the copy summons delivered in serving the defendant corporation had its name 'Great Northern Hotel Cy,' instead of 'Great Northern Hotel Co.' So the service of a justice's summons was not void, but merely irregular, where the copy delivered omitted the name of the plaintiff, but the correct original was read to the defendant as the statute required." L. R. A. 1917-C, 155.

We are unable to see how the defendant S. J. Storfer was misled in any way to his disadvantage by the service made on him in this cause. In his affidavit, he swore that on January 18, 1930, the summons in the case of "James Lee, plaintiff, against J. F. Storfer," etc., was handed to him, and soon thereafter he handed the paper to J. N. Na-

thans, Esq., of the Charleston bar, "with the request that the person named in said summons be. represented." Mr. Stall, who made the service on S. J. Storfer, swore in his affidavit that he inquired of the person served by him if he was S. J. Storfer, and that he replied in the affirmative; that he told the person he was serving that he had a summons for S. J. Storfer, and handed him what purported to be a copy of the original summons. The original summons was on file in the office of the Clerk of Court for Charleston County within a few days, and open to the inspection of S. J. Storfer and his attorneys. S. J. Storfer's attorneys must have known that the man whom the plaintiff was trying to sue, and against whom he had instituted action, was, in reality, S. J. Storfer, for in accepting service of the complaint in the action against S. J. Storfer, without question, they subscribed themselves as "attorneys for the defendant, S. J. Storfer." On the back of the copy of the summons, the correct initials of the defendant S. J. Storfer appeared.

The respondent has the idea that the cases of *Waldrop v. Leonard,* 22 S. C., 118, and *Genobles v. West,* 23 S. C., 154, support the order of the Circuit Judge, but we cannot agree with him. In each of those cases, there was a misnomer in the name of the defendant in the original summons. The original summons in this case gave the correct name of the defendant.

It is also contended that the appellant might have secured an order from the Circuit Judge amending the papers by having the defendant's correct name inserted therein, and, having failed to do this, he has lost his right to object to the order dismissing the case. We cannot agree with that position for two reasons: First, because we do not think, under the circumstances, an amendment was necessary. The original summons certainly needed no amending. The copy used in the service, as indicated, had accomplished the necessary purpose of giving the defendant notice of the suit. Second, it is not too late yet for

the appellant to amend, if an amendment is at all necessary. Under Section 436, Volume 1, of the Code, "the Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; *or by correcting a mistake in the name of a party.* * * *" (Italics added.)

The name of a person is something by which to identify him. The defendant in this case was sufficiently identified to bring him into the Court as "S. J. Storfer," the defendant named in the original summons. The objection made to the service was entirely technical, and the tendency of the Courts is now properly in the direction of disregarding mere technicalities.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.